**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
EASTERN DIVISION

In Re   Bianca V. Anderson,             )
                                        )
                                        )   Bankruptcy No. ____16-16258____
                                        )
                    Debtor.             )   Chapter              7

**COVER SHEET FOR APPLICATION FOR PROFESSIONAL COMPENSATION**
**(IN CASES UNDER CHAPTERS 7, 11 AND 12)**

Name of Applicant: _____ Nixon Peabody LLP _____

Authorized to Provide Professional Services to: _____ R. Scott Alsterda, Chapter 7 Trustee _____

Date of Order Authorizing Employment: _____ May 24, 2017 [Dkt. 41] effective as of February 26, 2017 _____

Period for Which Compensation is Sought:
From _____ February 26 _____, 2017   through _____ September 30 _____, 2017

Amount of Fees Sought:   $ 7,225.50

Amount of Expense Reimbursement Sought:   $ 60.20

This is an:    Interim Application _____      Final Application __✓__

If this is *not* the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| | | | | |

Dated:   October 16, 2017                          R. Scott Alsterda
                                                      (Counsel)

(Rev 11/19/10)

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Bianca V. Anderson, | ) | Case No. 16-16258 |
| | ) | Honorable Carol A. Doyle |
| Debtor. | ) | |
| | ) | |

**FIRST AND FINAL APPLICATION OF TRUSTEE'S COUNSEL
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

R. SCOTT ALSTERDA and NIXON PEABODY LLP (collectively "NP"), counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this first and final application for compensation and reimbursement of expenses and represents to the Court as follows:

1. The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on May 13, 2016 [Dkt. 1].

2. On July 12, 2016 an order was entered by this Court confirming the Debtor's Chapter 13 Plan [Dkt. 17].

3. On January 4, 2017 the Debtor filed a Notice of Voluntary Conversion from Chapter 13 to Chapter 7 [Dkt. 18] and R. Scott Alsterda was appointed as the Trustee for the Chapter 7 case.

4. The Debtor appeared at the first meeting of creditors in the Chapter 7 case and was examined by the Trustee at that time.

5. During the Trustee's examination of the Debtor at the creditors' meeting, the Debtor advised the Trustee has she had an unscheduled pending Employment Discrimination Case against her former employer.

6. Following the creditors' meeting, the Trustee discovered that a minute order had been entered on the docket in the Employment Discrimination Case indicating that the Debtor

and her former employer had reached an agreement in principle to settle the Employment Discrimination Case.

7. On March 7, 2017, the Chapter 7 Trustee withdrew his Report of No Distribution [Dkt.30] in the Debtor's Chapter 7 case.

8. On April 25, 2017, the Trustee appeared before Magistrate Judge Michael Mason in the Employment Discrimination Case and advised the Court of the Trustee's intention to administer the Employment Discrimination Case in the Debtor's Chapter 7 bankruptcy case.

9. On April 28, 2017 the Trustee filed an Initial Report of Assets and the Bankruptcy Court issued a Notice Fixing the Time for Filing Proofs of Claim [Dkt. 36]. The deadline for filing proofs of claims was set as August 1, 2017.

10. On May 24, 2017, an order was entered by this Court approving the employment of NP as counsel for the Trustee [Dkt. 41] effective as of February 26, 2017. A copy of the May 24, 2017 order authorizing the Trustee's employment of NP as legal counsel is attached hereto as Exhibit "A."

## CASE SUMMARY

11. The Trustee with the assistance of NP met with the Debtor, Debtor's counsel and counsel for the Debtor's former employer ("PACE") to review the facts giving rise to the proposed settlement of the Employment Discrimination Case.

12. Thereafter NP negotiated the terms and conditions of a settlement agreement with PACE including various tax, confidentiality and release provisions.

13. NP reviewed and revised the written settlement agreement with PACE and drafted the Trustee's Motion to Approve (the) Settlement with PACE [Dkt. 43].

14. On August 2, 2017, an Order was entered by this Court approving the Trustee's settlement with PAC [Dkt. 45].

15. Following the entry of the Order approving the Trustee's settlement with PACE and the Trustee's receipt of the settlement payment for PACE, NP drafted a Stipulation to Dismiss the Employment Discrimination Case which was filed in the District Court.

16. The Trustee with the assistance of NP obtained an order authorizing the Trustee's employment of a Tax Accountant and the Trustee's tax returns have been filed with the federal and state agencies.

17. NP also assisted the Trustee in reviewing the claims against the bankruptcy estate for potential objections and classifications issues for the tax claims.

18. The bankruptcy case is ready to be closed after the funds on hand have been distributed. The Trustee believes that all of the creditors holding allowed claims will be paid in full with interest after the payment of administrative expenses, and further that there will be a surplus distribution paid to the Debtor.

## DESCRIPTION OF LEGAL SERVICES

19. The nature and extent of the services which NP provided to the Trustee for the period from February 26, 2017 through September 30, 2017 are summarized in the following paragraphs.

20. _Asset Analysis and Recovery (B-120)_. NP provided 12.30 hours of services with a value of $5,474.50 related to the Trustee's analysis and recovery of assets of the Chapter 7 case. These services included conferences and correspondence with counsel for the Debtor and PACE in the Employment Discrimination Case regarding the terms of the Trustee's settlement with PACE. NP made several appearances before Magistrate Judge Mason in the District Court and also reviewed the Debtor's complaint against PACE and various other documents. The Trustee's counsel reviewed and revised the settlement agreement and drafted the Trustee's Motion to Approve (the) Settlement Agreement with PACE. NP further assisted in the Trustee

in dismissing the Employment Discrimination Case after the settlement with PACE was approved by this Court and the Trustee received the settlement check.

21.     Fee/Employment Applications (B-160). NP provided .60 hours of services to the Trustee with a value of $309.00 related to the Trustee's employment of legal counsel and a tax accountant. These services including drafting the motions to employ counsel and a tax accountant including the notices and proposed orders.

22.     Tax (B-240). NP provided 1.00 hours of services to the Trustee with a value of $515.00 related to tax issues for the bankruptcy estate. These services included some limited research and review of the tax treatment of the settlement proceeds for the Employment Discrimination Case. NP also reviewed and revised the prompt determination letters for the federal and state taxing agencies.

23.     Claims Administration and Objections (B-310). NP provided 1.80 hours of services to the Trustee with a value of $927.00 related to the Debtor's exemption claims including drafting the Trustee's Motion to Extend the Time to File Objections to the Debtor's Exemption claims. NP also reviewed the proofs of claims filed by the taxing agencies for potential claim objections and claim classification issues.

24.     Summary of Services. The services rendered to the Trustee by NP are summarized as follows:

| CATEGORY | TASK CODES | HOURS | VALUE |
|---|---|---|---|
| Asset Analysis and Recovery | B-120 | 12.30 | 5,474.50 |
| Fee/Employment Applications | B-160 | 0.60 | 309.00 |
| Tax Issues | B-240 | 1.00 | 515.00 |
| Claims Administration and Objections | B-310 | 1.80 | 927.00 |
| TOTAL | | 15.70 | $7,225.50 |

25.     Attached as Exhibit "B" is an itemized statement of the legal services rendered by NP and classified by the various tasks in chronological order. The statement reflects the legal

4

services rendered, the time expended, the value of the services, and a description of the work performed.

26. The time expended and services rendered by each individual NP attorney and law clerk is summarized as follows:

| Attorney/Law Clerk | Hours | Hourly Rate | Total |
|---|---|---|---|
| R. Scott Alsterda (A) | 11.70 | 515.00 | 6,025.50 |
| Henry Caldwell (LC) | 4.00 | 300.00 | 1,200.00 |
| TOTAL | **15.70** | | **$7,225.50** |

27. Exhibit "B" also includes an itemized statement of the actual expenses incurred by NP in connection with its representation of the Trustee. These expenses include postage in the amount of $60.20 for a total amount of $60.20.

28. Based on the nature, extent and value of services performed by NP, the results achieved, and the costs of comparable services, the compensation being sought by NP is fair and reasonable.

29. At all times during NP's representation of the Trustee, NP was a disinterested person and neither represented nor held an interest adverse to the bankruptcy estate with respect to matters on which NP was employed.

**PRAYER FOR RELIEF**

WHEREFORE, NP requests that it be awarded reasonable compensation in the amount of $7,225.50 for legal services rendered in this case and reimbursement of actual and necessary expenses in the amount of $60.20.

| | |
|---|---|
| DATE: October 16, 2017 | Respectfully Submitted |
| | NIXON PEABODY LLP |
| Of Counsel:<br>R. Scott Alsterda (ARDC 3126771)<br>Nixon Peabody LLP<br>70 West Madison, Suite 3500<br>Chicago, IL  60602-4<br>283<br>312-977-9203<br>rsalsterda@nixonpeabody.com | /s/ R. Scott Alsterda |

6