UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: | § | |
|---|---|---|
| | § | |
| ANDERSON, BIANCA V. | § | Case No. 16-16258 |
| | § | |
| Debtor | § | |

NOTICE OF TRUSTEE'S FINAL REPORT AND
APPLICATIONS FOR COMPENSATION
AND DEADLINE TO OBJECT (NFR)

    Pursuant to Fed. R. Bankr. P. 2002(a)(6) and 2002(f)(8), please take notice that R. SCOTT ALSTERDA, trustee of the above styled estate, has filed a Final Report and the trustee and the trustee's professionals have filed final fee applications, which are summarized in the attached Summary of Trustee's Final Report and Applications for Compensation.

    The complete Final Report and all applications for compensation are available for inspection at the Office of the Clerk, at the following address:

                  United States Bankruptcy Court
                  219 South Dearborn Street
                  Chicago, IL 60604

    Any person wishing to object to any fee application that has not already been approved or to the Final Report must appear at the hearing. A hearing on the fee applications and any objection to the Final Report will be held on Wednesday, January 10, 2018 at 10:30 a.m. in Courtroom 742, United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604

    If no objections are filed, upon entry of any order on the fee applications, the trustee may pay dividends pursuant to FRBP 3009 without further order of the Court.

Date Mailed: 12/04/2017                  By: /s/ R. Scott Alsterda, Trustee

*R. SCOTT ALSTERDA*
*70 WEST MADISON STREET*
*SUITE 3500*
*CHICAGO, IL 60602-4283*

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| | § | |
| ANDERSON, BIANCA V. | § | Case No. 16-16258 |
| | § | |
| Debtor | § | |

### SUMMARY OF TRUSTEE'S FINAL REPORT
### AND APPLICATIONS FOR COMPENSATION

| | | |
|---|---|---:|
| The Final Report shows receipts of | $ | 53,248.00 |
| and approved disbursements of | $ | 4,815.00 |
| leaving a balance on hand of[1] | $ | 48,433.00 |

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payment to Date | Proposed Payment |
|---|---:|---:|---:|
| Trustee Fees: R. SCOTT ALSTERDA | $ 5,048.36 | $ 0.00 | $ 5,048.36 |
| Attorney for Trustee Fees: Nixon Peabody LLP | $ 7,225.50 | $ 0.00 | $ 7,225.50 |
| Attorney for Trustee Expenses: Nixon Peabody LLP | $ 60.20 | $ 0.00 | $ 60.20 |
| Accountant for Trustee Fees: Kutchins, Robbins & Diamond, Ltd. | $ 1,300.50 | $ 0.00 | $ 1,300.50 |
| Other: Illinois Department of Revenue | $ 1,612.00 | $ 1,612.00 | $ 0.00 |
| Other: United States Treasury | $ 3,193.00 | $ 3,193.00 | $ 0.00 |
| Total to be paid for chapter 7 administrative expenses | | $ | 13,634.56 |
| Remaining Balance | | $ | 34,798.44 |

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-NFR (10/1/2010) *(Page: 2)*

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 1,043.84 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001A | Internal Revenue Service | $ 533.68 | $ 0.00 | $ 533.68 |
| 000004A | Illinois Department of Revenue | $ 510.16 | $ 0.00 | $ 510.16 |
| | Total to be paid to priority creditors | | | $ 1,043.84 |
| | Remaining Balance | | | $ 33,754.60 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 5,514.15 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000002 | Capital One Bank (USA), N.A. | $ 3,150.18 | $ 0.00 | $ 3,150.18 |
| 000003 | MIDLAND FUNDING LLC | $ 2,363.97 | $ 0.00 | $ 2,363.97 |
| | Total to be paid to timely general unsecured creditors | | | $ 5,514.15 |
| | Remaining Balance | | | $ 28,240.45 |

Tardily filed claims of general (unsecured) creditors totaling $ 17,731.58 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Tardily filed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000006 | Hall-Jackson & Associates, PC | $ 17,731.58 | $ 0.00 | $ 17,731.58 |
| | Total to be paid to tardy general unsecured creditors | | | $ 17,731.58 |
| | Remaining Balance | | | $ 10,508.87 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 58.47 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 100.0 percent, plus interest (if applicable).

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|
| 000001B | Internal Revenue Service | $ 5.31 | $ 0.00 | $ 5.31 |
| 000004B | Illinois Department of Revenue | $ 53.16 | $ 0.00 | $ 53.16 |
| | Total to be paid to subordinated unsecured creditors | | | $ 58.47 |
| | Remaining Balance | | | $ 10,450.40 |

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of 0.5 % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $ 185.98 . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 10,264.42 .

Prepared By: /s/ R. Scott Alsterda, Trustee

*R. SCOTT ALSTERDA*
*70 WEST MADISON STREET*
*SUITE 3500*
*CHICAGO, IL 60602-4283*

**STATEMENT:**  This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.